UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

WILLIAM FRANCES VANDEHEY, and
Oregon sole proprietorship,

        Plaintiff,

      v.

MUNGER BROS., LLC and MUNGER FARMS,
LLC, both California limited liability companies,

        Defendants.

Case No. 3:21-cv-00119-YY

OPINION AND ORDER

YOU, Magistrate Judge.

        Defendants' Motions for Partial Summary Judgment (ECF 21) are granted in part and

denied in part as follows:

**I.    Timber Trespass Claim**

        Oregon law recognizes a claim for timber trespass involving injury to produce or shrubs.

O.R.S. 105.810(1) identifies that such a cause of action may arise from willful conduct, i.e.,

"whenever any person, without lawful authority, willfully injures . . . from the land of another

any produce thereof . . . or otherwise injures . . . any . . . shrub on the land of another person. . . ."

Additionally, O.R.S. 105.815(1) recognizes such a claim may be made for conduct that was

merely "casual or involuntary." Here, plaintiff asserts a claim for casual or involuntary timber

trespass under O.R.S. 105.815 for damage to its blueberry bushes and crops caused by herbicide spray that drifted from defendants' adjacent property.  Compl., Count I, ¶¶ 17-21.

Defendants argue that, under Oregon Supreme Court precedent, plaintiff cannot bring a timber trespass claim for spray drift.  They rely on the Oregon Supreme Court's decisions in *Meyer v. Harvey Aluminum*, 263 Or. 487, 498 (1972), and *Chase v. Henderson*, 265 Or. 431 (1973).  In *Meyer*, a case involving damage to fruit trees caused by fumes from a neighboring aluminum plant, the court held that "[b]ased upon the litigation history of this treble damage statute and the total scheme of the multiple damage statutes, we conclude that they do not apply to the kind of damages assessed in the instant case."  263 Or. at 498.  In *Chase*, a chemical spray drift case, the Oregon Supreme Court applied its recent decision in *Meyer* to find that "[t]he same considerations which caused us to conclude that treble damages were not allowable in such a case cause us to conclude that double damages are not allowable in this case."  265 Or. at 432.

However, as the Oregon Court of Appeals has since explained, "[a]t most, *Meyer* appears to stand for the proposition that damages for injuries to fruit crops and trees resulting from chemical drift are not the type of damages that are trebled under ORS 105.810."  *Worman v. Columbia Cty.*, 223 Or. App. 223, 240 (2008).  Plaintiff has brought suit under O.R.S. 105.815, which allows for double damages, but does not seek double damages in this case.  Therefore, the holdings in *Meyer* and *Chase*, which pertain to the issue of multiplier damages, do not foreclose plaintiff's underlying timber trespass cause of action for casual and involuntary injury to produce and shubs under O.R.S. 105.815.

Defendants urge the court to disregard the intermediate court opinion in *Worman* because it is in conflict with the Oregon Supreme Court's decision in *Chase*, which they contend is directly on point.  Federal courts must use intermediate appellate court decisions in predicting

2 – OPINION AND ORDER

how the highest state court would decide an issue. *Alliance for Prop. Rights & Fiscal Responsibility v. City of Id. Falls*, 742 F.3d 1100, 1102 (9th Cir. 2013) (holding that federal courts "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises and restatements for guidance"). When "there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it." *Hayes v. Cty. of San Diego*, 658 F.3d 867, 870 (9th Cir. 2011).

Here, there is no convincing evidence that the Oregon Supreme Court would decide the issue any differently than the Oregon Court of Appeals did in *Worman*. The Oregon Court of Appeals extensively analyzed *Meyer*, and its decision is well-reasoned. As the Oregon Court of Appeals correctly observed, precluding a timber trespass claim based on spray drift case would be contrary to the language of O.R.S. 105.810: "a more expansive holding [of *Meyer*] would conflict with the plain and unambiguous language of the statute." *Worman*, 223 Or. App. at 424.

Given the Oregon Supreme Court decided *Chase* based on *Meyer*, it follows that *Worman* is not in conflict with *Chase*, nor is *Chase* "on point", as defendants contend. This is further evident from the *Chase* decision itself where the Oregon Supreme Court held that "double damages are not allowable in this case" but remanded "with instructions to enter judgment in the amount awarded by the jury" for "unintentional, non-negligent trespass." 265 Or. at 432. Notably, the Oregon Supreme Court did not hold that a plaintiff could not bring a spray drift claim for timber trespass under O.R.S. 105.815 or that the statute otherwise did not apply.

Defendants argue this case is distinguishable from *Worman* because plaintiff does not allege that defendants "directly" sprayed herbicide on plaintiff's blueberry bushes. Mot. Summ.

J. 4. Defendants rely on a passage from *Worman* where the Oregon Court of Appeals interpreted "*Meyer* to permit the application of ORS 105.810 to the direct spraying of herbicide on trees and shrubs—conduct that is a 'deliberate trespass such as involved in cutting standing timber.'" Mot. Summ. J. 4 (citing *Worman*, 223 Or. App. at 240). Defendants also argue that *Chase* is the only case "involving allegations of unintentional herbicide overspray or drift." Reply 2.

Naturally, in *Worman*, the Court of Appeals discussed the claim that the plaintiff had asserted there—one for willful trespass under O.R.S. 105.810. *See* 223 Or. App. at 237 ("Plaintiffs' claim for timber trespass alleges that the county's employee willfully injured their trees. . . ."); *see also Willful*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/willful (last visited February 20, 2022) ("done deliberately"). But the reasoning in *Worman* applies equally to the claim that plaintiff asserts here under O.R.S. 105.815—the "companion statute" to O.R.S. 105.810. *See Chase*, 265 Or. at 432 (referring to O.R.S. 105.810 and O.R.S. 105.815 as "companion" statutes). Again, the Oregon Supreme Court's decisions in *Meyer* and *Chase* hold only that multiplier damages are not permitted in spray drift cases. To find there is no cause of action for the casual or involuntary spraying of herbicide on produce and shrubs would require ignoring the plain and unambiguous language of both O.R.S. 105.810 and O.R.S. 105.815.

Finally, the fact that the Oregon Supreme Court has disallowed double and treble damages for spray drift trespass does not preclude plaintiff's claim for litigation costs under O.R.S. 105.815(2). Nothing in *Meyer*, *Chase*, *Worman*, or O.R.S. 105.815 indicates that the litigation costs provision is somehow invalidated in a spray drift case. Again, to find so would require ignoring the plain and unambiguous language of the statutes.

Accordingly, defendants' motion for summary judgment is denied with respect to this claim.

## II.    Punitive Damages

Defendants also move for summary judgment on plaintiff's demand for punitive damages.  Pursuant to O.R.S. 31.730, punitive damages are recoverable against a defendant who acted with (1) malice or (2) has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others.  However, under Oregon law, punitive damages are not appropriate unless a defendant's conduct goes "beyond mere carelessness" and "simple negligence." *Ibanez v. Bettazza*, No. 3:11-CV-01518-SI, 2013 WL 1295219, at \*6 (D. Or. Mar. 28, 2013).  Otherwise stated, punitive damages may be awarded if "the evidentiary record supports findings of both negligence *and* the additional factors of aggravated misconduct[.]" *Jane Doe 130 v. Archdiocese of Portland in Oregon*, 717 F. Supp. 2d 1120, 1140 (D. Or. 2010) (emphasis in original).

Here, plaintiff has alleged no more than a negligence claim.  Accordingly, defendants' motion for summary judgment is granted with respect to punitive damages.

IT IS SO ORDERED.

DATED  February 22, 2022.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge

5 – OPINION AND ORDER